

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50141 | **DATE** | 4/29/2002 |
| **CASE TITLE** | McCoy, et al. vs. Central States, Southeast & Southwest Areas Health & Welfare Fund | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiffs' and defendant's cross-motions for summary judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion for summary judgment is denied and plaintiffs' motion for summary judgment is granted. Defendant's denial of plaintiffs' claim for benefits is found to be arbitrary and capricious, and that claim is remanded to Central States for reconsideration in light of this court's opinion.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

# MEMORANDUM OPINION AND ORDER

Plaintiffs, Linda and Kenneth McCoy, Martin Fortier, M.D., and Morsay Medical and Rehabilitation Clinic, have filed an amended complaint against defendant, Central States, Southeast and Southwest Areas Health and Welfare Fund ("Central States"), alleging Central States violated the Employee Retirement Income and Security Act, 29 U.S.C. § 1132(a)(1)(B), by improperly denying benefits for medical care Linda McCoy received in 1999. Jurisdiction and venue are proper under 29 U.S.C. § 1132(e). Before the court are the parties' cross-motions for summary judgment, filed pursuant to Federal Rule of Civil Procedure 56.

All parties agree, as does the court after conducting its own independent review of the relevant plan language, that Central States' plan confers upon the plan administrator sufficient discretionary authority to interpret the terms of the plan such that its decision to deny benefits should be reviewed under the deferential arbitrary and capricious standard. See generally Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989); Exbom v. Central States, S.E. & S.W. Areas Health & Welfare Fund, 900 F.2d 1138, 1141-42 (7th Cir. 1990). But deferential review does not mean no review at all, see Gallo v. Amoco Corp., 102 F.3d 918, 922 (7th Cir. 1996), cert. denied, 521 U.S. 1129 (1997), and the court finds Central States did act arbitrarily by not paying for certain tests and physical therapy sessions Dr. Fortier prescribed to treat Linda's carpal tunnel syndrome.

In denying benefits to Linda, Central States relied primarily on the report of Dr. Charles E. DuVall, a "forensic examiner" it retained to review Linda's file. As reflected in Dr. DuVall's report, and as Central States repeatedly insists in its summary judgment papers, the sole purpose of Dr. DuVall's review was to determine if there was sufficient "supporting documentation to justify the medical necessity for the services rendered," not to pass judgment on whether the services were *in fact* medically necessary. Taking Central States at its word, however, Dr. DuVall could not possibly, let alone reasonably, have made such a determination because, as plaintiffs have amply demonstrated, Dr. DuVall did not have before him even half of the administrative record that had been compiled by the time Central States referred Linda's case to him. As neither Central States' referral letter to Dr. DuVall nor Dr. DuVall's own report specifically identified which records Central States had sent him, plaintiffs' counsel served a notice to produce upon Central States during discovery to ask this very question. Central States' answer to that request specified some thirty-five pages in the administrative record. The record as it then existed, however, contained an additional forty-five pages, none of which Central States' counsel identified as having been sent to Dr. DuVall. And much of the information in these forty-five pages would have been critical to Dr. DuVall's review, including Dr. Fortier's report from his initial exam of Linda where he explained the need for a physical therapy regimen and certain tests, as well as numerous progress notes from Linda's physical therapy sessions spanning the very same dates outlined in Dr. DuVall's report.

In the face of its own counsel's admission, Central States nevertheless claims it really did send Dr. DuVall the entire administrative record. The evidence Central States offers to cover its tracks, however, is far from convincing. First it points to Dr. DuVall's own report. But the only thing Dr. DuVall said is that the records were "grossly lacking in content." At best, this says nothing about *which* documents he received, just that the ones he had were not very informative; at worst, it confirms he really was missing crucial information. The affidavit of Albert Nelson, an accountant for Central States, is even less helpful. While Nelson might be competent to lay the foundation for various records kept in the ordinary course of Central States' business, he has absolutely no knowledge as to which of those records were actually sent to Dr. DuVall. Given the state of the record on summary judgment, the court is indeed "very confident" that Central States, by way of Dr. DuVall, "overlooked something important" – i.e., the remaining forty-five pages of the administrative record – and therefore acted arbitrarily by denying benefits to Linda. See Patterson v. Caterpillar, Inc., 70 F.3d 503, 505 (7th Cir. 1995).

In addition, the court finds itself wondering why Dr. DuVall approved ten physical therapy visits. Why not five or fifteen? And why didn't Dr. DuVall specify which ten visits were approved? His report says he was approving one physical therapy treatment per day between October 1, 1999, and November 3, 1999. (Def. Exh. 1-C, Bates no. AR 169) But (assuming Dr. DuVall had the entire administrative record before him) Linda's physical therapy progress notes indicate she had *twelve*, not ten, physical therapy visits during that time period. (Id. nos. AR 122, 125-35) Central States does not offer, and the court cannot come up with on its own, any "reasoned explanation" for this discrepancy or, more generally, why Dr. DuVall believed there was sufficient documentation for ten visits but no more when the progress notes contained in the record are exactly the same for *all* of the physical therapy visits. See Exbom, 900 F.2d at 1142. The only conclusion to be drawn from this is that Dr. DuVall arbitrarily limited Linda to ten physical therapy sessions.

That leaves the question of remedy. Were the missing forty-five pages the only issue in this case, the court would be inclined to simply order Central States to pay for the denied charges rather than remand the claim to Central States because, once the entire administrative record is considered, it would be "downright unreasonable" for Central States to claim those charges lacked sufficient documentation. See Donato v. Metropolitan Life Ins. Co., 19 F.3d 375, 380 (7th Cir. 1994). But that is not the end of the story. Despite its insistence otherwise, Central States appeared at times throughout the administrative appeals process to be denying the disputed charges because it believed they were not medically necessary, not just that their medical necessity was unsubstantiated. In particular, Central States' first two letters said only that it had determined the physical therapy and related testing procedures were not medically necessary. (Def. Exh. 1-C, Bates nos. AR 024, 100) It was not until its last letter that it mentioned it "could not identify documentation substantiating the medical necessity of these services." (Id. no. AR 001) Given Central States' discretion in interpreting the terms of its plan, it seems Central States would still be within the scope of that discretion to deny either some or all of the unpaid charges as not medically necessary (but not, to repeat, as insufficiently documented). Therefore, because this case is not "so clear cut that it would be unreasonable for the plan administrator to deny the application for benefits on *any* ground," a remand is in order. Gallo, 102 F.3d at 923 (emphasis added); see also Quinn v. Blue Cross & Blue Shield Ass'n, 161 F.3d 472, 476-78 (7th Cir. 1998). The court of course expresses no opinion one way or the other about the outcome of the remand, but reminds Central States that the findings of its plan administrator on remand must be based on the *entire* administrative record. The court also agrees with plaintiffs that it would be unreasonable – i.e., arbitrary and capricious – for Central States to rely on a doctor of chiropractic (D.C.), such as Dr. DuVall, to review a course of treatment prescribed by a doctor of medicine (M.D.), such as Dr. Fortier, for purposes of determining whether that treatment was in fact medically necessary.

For the reasons stated above, Central States' motion for summary judgment is denied and plaintiffs' motion for summary judgment is granted. Central States' denial of plaintiffs' claim for benefits is found to be arbitrary and capricious, and that claim is remanded to Central States for reconsideration in light of this court's opinion.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

Linda McCoy, et al.

v.

Central States Southeast and
Southwest Areas Health and Welfare
Fund

**JUDGMENT IN A CIVIL CASE**

Case Number: 01 C 50141

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendant's motion for summary judgment is denied and plaintiffs' motion for summary judgment is granted. Defendant's denial of plaintiffs' claim for benefits is found to be arbitrary and capricious, and that claim is remanded to Central States for reconsideration in light of this court's opinion.

FILED-WD
02 APR 29 PM 3:44
CLERK
U.S. DISTRICT COURT

Michael W. Dobbins, Clerk of Court

Date: 4/29/2002

Susan M. Wessman, Deputy Clerk